UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SANTWAN HARLEY,

                    Petitioner,

v.

UNITED STATES OF AMERICA,

                    Respondent.

**ORDER**
22-MC-01736 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Petitioner, Santwan Harley, proceeding *pro se*, has moved to seal or expunge his criminal

record in Case No. 97-MJ-00694.  According to the record in the Electronic Case Filing system,

Petitioner was arrested on May 7, 1997, pursuant to a criminal complaint that charged him with

violating 18 U.S.C. § 1709, which prohibits officers or employees of the U.S. Postal Service

from embezzling or stealing items being mailed.  *See* Dkt. No. 97-MJ-00694, ECF No. 1.  He

was arraigned before then-Magistrate Judge Azrack on May 8.  *Id.*, Calendar Entry dated

05/08/1997.  On June 30, 1997, the complaint was dismissed without prejudice, on the

Government's motion, and without Petitioner being charged further by indictment or

information.  *Id.*, ECF No. 5.  Petitioner seeks to seal or expunge his arrest record to "become a

member of the criminal justice field," as he is unable to "mov[e] forward in the hiring process"

with the "Metropolitan Police Department in Washington DC as well as the Atlanta Police

Department" unless his criminal record is expunged.  Motion to Expunge at 4, ECF No. 1.  The

United States opposes Petitioner's request.  *See* ECF No. 5.

"Although no federal statute provides for the expungement of arrest records, the decision

of whether to expunge such records 'lies within the equitable discretion of the court.'"  *Mullen v.*

*United States*, No. 12-MC-724, 2016 WL 1089261, at *1 (E.D.N.Y. Mar. 18, 2016) (quoting

*United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977)).  Expungement is only granted in "extreme circumstances," including the expungement of a petitioner's arrest record, as those records "serve[] the important function of promoting effective law enforcement."  *Schnitzer*, 567 F.2d at 539.

When deciding whether or not to expunge an arrest record, "[c]ourts balance 'the individual's privacy rights and law enforcement's interest in maintaining criminal records' to determine whether extreme circumstances exist."  *Ruiz v. United States*, No. 19-MC-850, 2019 WL 3388817, at *2 (E.D.N.Y. July 25, 2019) (quoting *United States v. Schonsky*, No. 05-CR-332, 2015 WL 2452550, at *1 (E.D.N.Y. May 21, 2015)); *see also Schnitzer*, 567 F.2d at 539.  In situations like this one, where a petitioner's criminal complaint was dismissed without prejudice, a "petitioner must demonstrate extraordinary circumstances or imminent harm beyond the termination of the criminal proceeding in order to obtain an expungement of his or her record." *Ruiz*, 2019 WL 3388817, at *2; *see also In re Farkas*, 783 F. Supp. 102, 103 (E.D.N.Y. 1992) ("[E]xpunction should not be granted routinely after an acquittal or the dismissal of charges, but should be reserved strictly for extreme cases of government misconduct.").

Here, Petitioner has not shown that extreme circumstances exist.  He does not allege any government impropriety.  *Farkas*, 783 F. Supp. at 103 ("Generally speaking, expunction is appropriate where some impropriety attends the government's actions.").  His argument for expungement is entirely based on the burden such a record places on his employment prospects in the criminal justice field.  ECF No. 1 at 4.  While the Court is certainly sympathetic to Petitioner's hardship in obtaining employment in the law enforcement field, it is not an "extreme circumstance" that warrants expungement under the current legal standard.  Thus, this Court

finds Petitioner has not met the high burden needed to show that his interest in expunging his arrest record outweighs the government's need to maintain a system of criminal records.

Petitioner's motion to expunge his criminal record is denied.  The Clerk of Court is directed to mail a copy of this order to the Petitioner and to close the case for administrative purposes.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated:  Brooklyn, New York
        August 31, 2022

3